1  TORY D. ALLEN, ESQ.
   Nevada State Bar No. 12680
2  *LAW OFFICE OF TORY D. ALLEN*
   3715 Lakeside Drive, Suite A
3  Reno, Nevada  89509
   Telephone:  (775) 823-2000
4  Facsimile:  (775) 348-2702
   Email:  tory@torydallenlaw.com
5  Attorney for Plaintiff,
   DENNIS J. SAMULEWSKI

6

7                **UNITED STATES DISTRICT COURT**

8                  **DISTRICT OF NEVADA**

9                       * * * * *

10 DENNIS J. SAMULEWSKI,            )
11            Plaintiff,            )        **COMPLAINT**
12         vs.                      )        **JURY DEMAND**
13                                  )
   MINERAL COUNTY SCHOOL           )
14 DISTRICT, a governmental entity; )
   MICHAEL D. DOMAGALA, an         )
15 individual; and DOES 1 to 20,    )
   inclusive,                       )
16                                  )
17            Defendants.           )
                                    )
18

19     COMES NOW, the Plaintiff, DENNIS J SAMULEWSKI (hereinafter referred to as "Mr.

20 Samulewski"), by and through his counsel of record, TORY D. ALLEN, ESQ., of LAW OFFICE

21 OF TORY D. ALLEN, and hereby complains of the Defendants, MINERAL COUNTY

22 SCHOOL DISTRICT (hereinafter referred to as "MCSD"), MICHAEL D. DOMAGALA

23 (hereinafter referred to as "Mr. Domagala"), and DOES 1 to 20, inclusive, and each of them, and

24 for cause of action alleges, as follows:

25 ///

26

27

## JURISDICTION AND VENUE

1.      Mr. Samulewski brings this action under the American with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"); and Section 504 of the Rehabilitation Act of 1973, as amended, at 29 U.S.C. § 794 (the "Rehabilitation Act").

2.      This Court has jurisdiction pursuant to the following statutes:

a.      28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States.

b.      28 U.S.C. § 1343(3)-(4), which gives district courts jurisdiction over actions to secure civil rights extend by the United States government.

c.      28 U.S.C. § 1367, which gives district courts supplemental jurisdiction over state law claims.

d.      The request by Mr. Samulewski for declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202.

e.      All conditions precedent to the filing of this action have been met by Mr. Samulewski in that he has filed a timely complaint with the Equal Employment Opportunity Commission and has filed this action within ninety (90) days of receiving a right-to-sue letter from the Commission.

3.      Venue is appropriate in this judicial district under 28 U.S.C. § 1391(b) because the events that gave rise to this Complaint occurred in this district.

## PARTIES

4.      Mr. Samulewski is a citizen of the United States and resides in the El Dorado County, California.

5.      MCSD is a governmental entity, operating in Mineral County, Nevada, with 500 or more employees, and is a public entity for the purposes of the ADA, pursuant to 42 U.S.C. § 12131(1).   MCSD provides programs and/or activities receiving federal financial assistance acting under the color of state and federal law.

6.      Upon information and belief, Mr. Domagala is a resident of Mineral County, Nevada, which is in this judicial district.

7.      At all relevant times herein, Mr. Domagala was an employee of MCSD and was Mr. Samulewski's immediate supervisor.

8.      The true names, capacities, or involvement of the DOE Defendants named herein are unknown to Mr. Samulewski, who therefore sues said Defendants by fictitious names.  Mr. Samulewski is informed and believes, and thereon alleges, that those persons or entities are the partners, owners, shareholder, agents, employees, or alter egos of the Defendants named herein. Mr. Samulewski prays leave to amend this Complaint to show their true names and capacities when the same have been determined.  Mr. Samulewski is informed and believes, and thereon alleges, that each of the Defendants named herein as a DOE is legally responsible in some manner for the events and happenings herein referred to in this lawsuit.

9.      Mr. Samulewski hereby requests a jury trial relative to all issues so triable.

**GENERAL ALLEGATIONS**

10.      At all times relevant herein, Mr. Samulewski is, and was, a "qualified individual with a disability" due to severe hearing loss, as defined in 42 U.S.C. § 12131(2).

11.      At all times relevant herein, Defendants, and each of them, knew that Mr. Samulewski was a "qualified individual with a disability" due to severe hearing loss, as defined in 42 U.S.C. § 12131(2).

12.     On or about August 28, 2013, Mr. Samulewski was hired by MCSD as a Career and Technical Education ("CTE") Coordinator.

13.     At all times relevant herein, Mr. Samulewski's position was federally funded with the Carl D. Perkins Career and Technical Education Reserve Fund Competitive Grant.

14.     At all relevant times herein, Mr. Samulewski possessed all appropriate credentials and met all appropriate requirements to work as a CTE Coordinator.

15.     At all times relevant herein, Mr. Samulewski performed the duties of his job satisfactorily.

16.     From on or about August 28, 2013, to on or about August 31, 2015, Defendants, and each of them, required Mr. Samulewski to have a valid teaching credential, even though his essential job duties did not include teaching CTE coursework.

17.     On or about January 7, 2015, Defendants, and each of them, required Mr. Samulewski to accept an offer of employment as a Substitute Teacher, and to teach one day per week, in spite of their knowledge of his inability to interact effectively with students in classroom group settings because of his disability.

18.     In addition, Mr. Samulewski's teaching responsibilities forced him to perform part of his duties as CTE Coordinator during weekends.

19.     On or about February, 2015, Mr. Samulewski assumed the teaching responsibilities of a CTE Teacher, in addition to his responsibilities as CTE Coordinator.

20.     On or about April 29, 2015, Defendants, and each of them, requested federal grant funds for a CTE Coordinator in the Fiscal Year 2016 State CTE Competitive Fund Application, which Mr. Samulewski prepared.

21.    At all relevant times herein, Defendants, and each of them, assured Mr. Samulewski that he would be appointed as CTE Coordinator for academic year 2015-2106.

22.    On or about May, 2015, Mr. Samulewski brought to Defendants', and each of their, attention the fact that Defendants, and each of them, were failing to comply with State of Nevada CTE curriculum requirements and with State of Nevada OSHA regulations in the classroom.

23.    On or about June, 2015, Defendants, and each of them, suspended Mr. Samulewski's access to his school email account.

24.    On or about mid-August, 2015, Defendants, and each of them, reassured Mr. Samulewski that, once federal grant funds were available, Mr. Samulewski would be appointed as CTE Coordinator for academic year 2015-2016.

25.    Shortly prior to August 31, 2015, Mr. Samulewski again brought to the attention of Defendants, and each of them, his inability to perform the essential duties of a CTE Teacher because of his disability.

26.    On or about August 31, 2015, Defendants, and each of them, discharged Mr. Samulewski on the ground of a "realignment" of Mr. Samulewki's position.

27.    At this time, Defendants, and each of them, stated to Mr. Samulewski that they wanted "to go in a different direction."

28.    On or about October, 2015, Mr. Samulewski learned that Defendants, and each of them, had claimed falsely to the Nevada Department of Employment Training, and Rehabilitation (DETR), Employment Security Division, that Mr. Samulewski had failed to file an accountability report with the State of Nevada by August 28, 2015, even though the deadline to file such document was October 30, 2015.

29.     DETR, Employment Security Division, did not establish any misconduct on the part of Mr. Samulewski, in connection with Mr. Samulewski's employment with Defendants, and each of them.

## FIRST CLAIM FOR RELIEF

### (ADA Violation - Title II)

30.     Mr. Samulewski re-alleges and incorporates herein by this reference the allegations of Paragraphs 1 through 29, inclusive, as though fully set forth herein.

31.     The termination of Mr. Samulewski by Defendants, and each of them, was because of Mr. Samulewski's disability, which termination constitutes a violation of 42 U.S.C. § 12132 and, therefore, entitles Mr. Samulewski to relief under the provisions of 42 U.S.C. § 12132.

WHEREFORE, Mr. Samulewski prays for judgment against Defendants, and each of them, as set forth hereinbelow.

## SECOND CLAIM FOR RELIEF

### (ADA Violation - Retaliation - 42 U.S.C. § 12203)

32.     Mr. Samulewski re-alleges and incorporates herein by this reference the allegations of Paragraphs 1 through 31, inclusive, as though fully set forth herein.

33.     At all times relevant herein, Mr. Samulewski was engaging in conduct protected under the ADA by bringing to the attention of Defendants, and each of them, his inability to perform the essential duties of a CTE Teacher because of his disability.

34.     On or about August 31, 2015, Mr. Samulewski was subjected to an adverse employment action, due to his protected conduct in bringing to the attention of Defendants, and

each of them, his inability to perform the essential duties of a CTE Teacher because of his disability.

35.     There was a causal link between Mr. Samulewski's protected conduct prior to August 31, 2015, in bringing to the attention of Defendants, and each of them, his inability to perform the essential duties of a CTE Teacher because of his disability, and Defendants', and each of their, adverse employment decision on August 31, 2015, in discharging Mr. Samulewski.

36.     Mr. Samulewski's protected conduct, in bringing to the attention of Defendants, and each of them, his inability to perform the essential duties of a CTE Teacher because of his disability, was a motivating factor, if not the sole and exclusive reason, in the adverse employment decision by Defendants, and each of them, on August 31, 2015, in discharging Mr. Samulewski.

37.     The termination of Mr. Samulewski by Defendants, and each of them, was because of Mr. Samulewski's protected conduct, in bringing to the attention of Defendants', and each of them, his inability to perform the essential duties of a CTE Teacher because of his disability, which retaliation constitutes a violation of 42 U.S.C. § 12203 and, therefore, entitles Mr. Samulewski to relief under the provisions of 42 U.S.C. § 12132.

WHEREFORE, Mr. Samulewski prays for judgment against Defendants, and each of them, as set forth hereinbelow.

## THIRD CLAIM FOR RELIEF

### (Intentional Infliction of Emotional Distress)

38.     Mr. Samulewski re-alleges and incorporates herein by this reference the allegations of Paragraphs 1 through 37, inclusive, as though fully set forth herein.

39.     Defendants', and each of their, conduct was extreme and outrageous, with either the intention of causing, or with reckless disregard for causing, emotional distress to Mr. Samulewski.

40.     As a direct and proximate cause of Defendants', and each of their, conduct, Mr. Samulewski suffered severe and extreme emotional distress.

41.     As a direct and proximate result of Defendants', and each of their, conduct, Mr. Samulewski was damaged in an amount in excess of $10,000 to be proven at trial.

42.     Mr. Samulewski has been required to engage TORY D. ALLEN, ESQ., of LAW OFFICE OF TORY D. ALLEN, due to Defendants', and each of their, extreme and outrageous conduct, and, therefore, Mr. Samulewski seeks an award of reasonable attorney's fees, expenses, and costs.

WHEREFORE, Mr. Samulewski prays for judgment against Defendants, and each of them, as set forth hereinbelow.

### FOURTH CLAIM FOR RELIEF

### (Negligent Infliction of Emotional Distress)

43.     Mr. Samulewski re-alleges and incorporates herein by this reference the allegations of Paragraphs 1 through 42, inclusive, as though fully set forth herein.

44.     Defendants, and each of them, owed a duty of due care to Mr. Samulewski to refrain from engaging in the extreme and outrageous conduct set forth hereinabove.

45.     By engaging in the extreme and outrageous conduct set forth hereinabove, Defendants, and each of them, breached their duty of due care owed to Mr. Samulewski.

46.     As a direct and proximate result of Defendants', and each of their, breach of their duty of due care owed to Mr. Samulewski, Mr. Samulewski suffered serious emotional distress, and was damaged in an amount in excess of $10,000 to be proven at trial.

47.     Mr. Samulewski has been required to engage TORY D. ALLEN, ESQ., of LAW OFFICE OF TORY D. ALLEN, due to Defendants', and each of their, breach of their duty of due care owed to Mr. Samulewski, and, therefore, Mr. Samulewski seeks an award of reasonable attorney's fees, expenses, and costs.

WHEREFORE, Mr. Samulewski prays for judgment against Defendants, and each of them, as set forth hereinbelow.

## FIFTH CLAIM FOR RELIEF

### (Breach of Contract)

48.     Mr. Samulewski re-alleges and incorporates herein by this reference the allegations of Paragraphs 1 through 47, inclusive, as though fully set forth herein.

49.     On or about August 28, 2013, Mr. Samulewski was hired by MCSD as a Career and Technical Education ("CTE") Coordinator.

50.     The parties' August 28, 2013, agreement was based upon mutual assent and consideration.

51.     Mr. Samulewski has duly performed all that is required of him under the terms of the parties' August 28, 2013, agreement.

52.     Defendants, and each of them, have failed and refused, and continue to fail and refuse, to perform the required provisions under the parties' August 28, 2013, agreement.

53.     Defendants, and each of them, accordingly have breached the parties' August 28, 2013, agreement.

54.     Thus, as a proximate result of Defendants', and each of their, failure and refusal to perform in accordance with their promises and representations as set forth hereinabove, and as a proximate result of Mr. Samulewski's reasonable and justifiable reliance to his detriment upon these promises and representations, Mr. Samulewski has been damaged in an amount in excess of $10,000.

55.     Mr. Samulewski has been required to engage TORY D. ALLEN, ESQ., of LAW OFFICE OF TORY D. ALLEN, due to Defendants', and each of their, breach of their duty of due care owed to Mr. Samulewski, and, therefore, Mr. Samulewski seeks an award of reasonable attorney's fees, expenses, and costs.

WHEREFORE, Mr. Samulewski prays for judgment against Defendants, and each of them, as set forth hereinbelow.

## SIXTH CLAIM FOR RELIEF

### (Breach of Implied Covenant of Good Faith and Fair Dealing)

56.     Mr. Samulewski re-alleges and incorporates herein by this reference the allegations of Paragraphs 1 through 55, inclusive, as though fully set forth herein.

57.     Implied in every contract entered into within this state is the covenant of good faith and fair dealing.

58.     Defendants', and each of their, intentional vexatious conduct in unilaterally and without just cause breaching the contract with Mr. Samulewski, amounts to a breach of the implied covenant of good faith and fair dealing implied in every contract.

59.     As a proximate result of Defendants', and each of their, breach of the implied covenant of good faith and fair dealing implied in every contract, Mr. Samulewski has been damaged in an amount to be determined at trial, but in excess of $10,000.00.

60.     Mr. Samulewski has been required to engage TORY D. ALLEN, ESQ., of LAW OFFICE OF TORY D. ALLEN, due to Defendants, and each of their, breach of their duty of due care owed to Mr. Samulewski, and, therefore, Mr. Samulewski seeks an award of reasonable attorney's fees, expenses, and costs.

WHEREFORE, Mr. Samulewski prays for judgment against Defendants, and each of them, as follows:

1.     Accept jurisdiction of this case.

2.     Grant Mr. Samulewski a trial by jury on all issues so triable.

3.     Declare that Mr. Samulewski has suffered acts of discrimination at the hands of Defendants, and each of them, based upon his disability.

4.     Grant Mr. Samulewski preliminary and permanent injunctive relief reinstating him to his former position as CTE Coordinator with MCSD, including all compensation and benefits as if he had never been terminated.

5.     Grant Mr. Samulewski preliminary and permanent injunctive relief directing Defendants, and each of them, to provide Mr. Samulewski with reasonable accommodations necessary for him to fulfill the essential functions of his job as CTE Coordinator with MCSD.

6.     Award Mr. Samulewski compensation for his loss of salary and other benefits, including all fringe benefits to which he would have been entitled had his employment with MCSD not been interrupted.  Such damages shall be in an amount in excess of $10,000, the exact amount to be determined at trial.

7.     Award Mr. Samulewski compensatory, general, and special damages in a sum in excess of TEN THOUSAND DOLLARS AND NO CENTS ($10,000.00), to be proven at trial, for the serious emotional distress he has suffered and endured.

8.      Award Mr. Samulewski prejudgment interest, from August 31, 2015, to the time of entry of judgment herein.

9.      Award Mr. Samulewski his reasonable attorney's fees, expenses, and costs of suit, to be proven at trial.

10.     For such other relief as the Court may deem just and equitable.

DATED: Thursday, June 02, 2016

LAW OFFICE OF TORY D. ALLEN

/s/ Tory D. Allen

TORY D. ALLEN, ESQ.
Nevada Bar Number 12680
3715 Lakeside Drive, Suite A
Reno, Nevada  89509
Telephone:  (775) 823-2000
Facsimile:  (775) 348-2702
Email:  tory@torydallenlaw.com
Attorney for Plaintiff,
DENNIS J. SAMULEWSKI

1

## VERIFICATION

2

STATE OF CALIFORNIA          )
                             ) ss.
3

COUNTY OF EL DORADO          )

4

DENNIS J. SAMULEWSKI, being first duly sworn, deposes and says, as follows:

5

That he is the Plaintiff named in the above-entitled action; that he has read the foregoing

6

document and knows the contents thereof; that the same is true of his own knowledge, except as

7

to those matters stated therein upon information and belief; and as to those matters, he believes

8

them to be true.

9

DATED: This 15th day of April, 2016.

10

11

12

_____

13

DENNIS J. SAMULEWSKI

14

15

16

17

18

19

20

21

22

23

24

25

26

27